Scott, O. J.
The plaintiff in the court below sued as indorsee to recover from the maker a balance claimed to remain unpaid on a negotiable promissory note. This is an ordinary common-law cause of action. No circumstances were stated in the petition entitling the plaintiff to equitable relief, nor was any such relief asked.
The defendant answered, claiming the benefit of a payment which he alleged had been made upon the debt which the plaintiff was seeking to recover. This payment consisted of the proceeds of cer587] tain real estate sold by order of the court *in a judicial proceeding in equity, between the same parties, and purchased by the plaintiff, and which proceeds of sale had, by the order of said court, been applied in satisfaction, fully, or ±pro tanto, of plaintiff’s claim.
The plaintiff, by reply, shows that he purchased said premises at the judicial sale in ignorance of the legal effect of a prior incumbrance thereon, held by a stranger to the proceeding, though the *489 existence of the prior lien was well known to him at the time of the sale; and that at a subsequent sale of said premises for the satisfaction of the prior lien, he found i,t necessary to repurchase the premises for his protection. Having, through a mistake of law, failed to derive from his first purchase the full benefit of a perfect title, he demands a judgment on the note as though the order of sale which he had procured, the confirmation of sale, and the order appropriating the proceeds, had never been made.
We can discover neither principle nor precedent which would authorize the court to ignore, or treat as a nullity in a collateral action at law, the prior orders and decrees of a court of equity, made in the exercise of full jurisdiction, in a controversy between, the same parties, and which are still unreversed and in full force.
We think the case of Tattier v. Lytle’s Executors, 6 Ohio, 478, is conclusive against the claim of the plaintiff below. That case was every way stronger for the plaintiff than the one before iis. In that case there was a total failure of title. The plaintiff took nothing by his purchase under his own execution. Whilst here the plaintiff below acquired by his first purchase at least the equity of redemption which his debtor held as against the liens under which the sale was made. Besides, in that case the plaintiff was seeking directly to vacate the levy, order of sale, and satisfaction which had been entered upon his judgment, by mistake, as he alleged. Here no such relief is asked for; but the plaintiff below, while seeking to retain the benefit of his decree and sale, in the Perkin’s case, seeks to be discharged from the effect of the consideration paid therefor. Tet, in the former case, the court, acting upon the maxim caveat emptor, refused the relief asked for. This maxim has always been regarded as applicable to ^purchasers at sheriff’s sales; but it would have to be entirely reversed if a creditor, purchasing his debtor’s land at a sale made under process issued at his own instance, can hold his debtor responsible for all prior liens upon his property, on the mere ground that the purchaser was mistaken as to the legal effect of those liens, or did not suppose that they would affect his title.
We are referred by counsel for defendant in error to the case of Hollister v. Dillon, 4 Ohio St. 197. But that was the case of a suit in equity upon a mortgage, after a judgment at law for the same debt had been satisfied by sale of the mortgaged premises upon execution; the mortgagor having sold and conveyed all his inter *490 est in the premises before judgment. The case is not analogous to the present one.
Whether the defendant in error can obtain equitable relief bysubrogation to the rights of the Belmont County Bank, whose claim he has paid, or in any other mode, we need not now inquire. For by his petition he asserts the mere legal rights of the holder of a promissory note. And if his replication could be regarded as seeking equitable relief under the facts there stated, it is a total departure from the petition. A plaintiff can recover only on the causes of action stated in his petition. It is not the province of a reply to introduce new causes of action. This can only be done by amendment of the petition.
The judgment of the court of common pleas will be reversed, the demurrer to the reply of the plaintiff below must be sustained, and the case remanded to the court of common pleas for further proceedings.
Day, White, Welch, and Brinkerhoee, JJ., concurred.